# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA BAILEY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1376** (BOR Appeal No. 2047177)
(Claim No. 2011015410)

**PRINCETON COMMUNITY HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debra Bailey, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Princeton Community Hospital, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 22, 2012, in which the Board affirmed an April 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 20, 2011, decision granting Ms. Bailey a 6% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bailey worked for Princeton Community Hospital as a certified nursing assistant. On October 8, 2010, Ms. Bailey suffered an injury to her lower back while transferring a patient from a bed to a stretcher. She immediately sought treatment and was diagnosed with a lumbar sprain. Ms. Bailey then had an MRI taken of her lumbar spine which revealed very small disc protrusions at the T11-12 and T12-L1 levels. The MRI also showed that there was disc bulging at every level of the lumbar spine and facet hypertrophy from the L5 to S1 discs. An x-ray, taken at the same time, also revealed some minimal degenerative changes in her lumbar spine. Joseph

1

Grady II, M.D., then performed an independent medical evaluation on Ms. Bailey. Dr. Grady found that Ms. Bailey had 10% whole person impairment related to her lumbar spine based on the range of motion model of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). Dr. Grady apportioned 4% impairment to her pre-existing degenerative disc disease and concluded that Ms. Bailey had 6% whole person impairment related to her compensable injury. On April 20, 2011, the claims administrator granted Ms. Bailey a 6% permanent partial disability award based on Dr. Grady's recommendation. Jerry W. Scott, M.D., then performed an independent medical evaluation and found that Ms. Bailey had 8% whole person impairment under the American Medical Association's *Guides* and Lumbar Category II of West Virginia Code of State Rules § 85-20-C. On April 30, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on October 22, 2012, leading Ms. Bailey to appeal.

The Office of Judges concluded that Ms. Bailey was not entitled to greater than a 6% permanent partial disability award. The Office of Judges determined that the impairment recommendation in Dr. Grady's report was entitled to greater weight than the rating in Dr. Scott's independent medical evaluation. The Office of Judges found that Dr. Grady took Ms. Bailey's pre-existing degenerative condition into consideration and appropriately apportioned his impairment rating to account for her non-compensable condition. The Office of Judges found, in comparison, that Dr. Scott did not properly account for Ms. Bailey's medial history because he did not make any statement indicating whether the degenerative condition affected her impairment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Bailey has not demonstrated that she is entitled to a greater than 6% permanent partial disability award. Dr. Grady's independent medical evaluation shows that she has 6% whole person impairment for loss of range of motion related to her compensable lumbar sprain. Dr. Grady performed a thorough evaluation of her injury, he accounted for her medical history, and he properly applied the American Medical Association's *Guides*. The Office of Judges provided specific and justified reasons for relying on Dr. Grady's report instead of Dr. Scott's. The Office of Judges was within its discretion in relying on Dr. Grady's recommendation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 29, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II